IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE ORELLANA <br> 3312 Sherman Ave. NW, #35 <br> Washington, D.C. 20010 <br><br> SANTOS ORELLANA <br> 1418 Webster St. NW <br> Washington, D.C. 20011 <br><br> ADALI VALERIANO VASQUEZ <br> 3308 Sherman Ave., #25 <br> Washington, D.C. 20010 <br><br> PLAINTIFFS, <br><br> v. <br><br> NBSB INC. D/B/A GEORGE'S KING OF <br> FALAFEL AND CHEESESTEAK <br> 1205 28th St. NW <br> Washington, D.C. 20007 <br><br> Serve: Souheil B. Chaouachi <br> 1500 Massachusetts Ave. NW, Apt. 553 <br> Washington, D.C. 20005 <br><br> SOUHEIL BEN MANSOUR <br> 1205 28th St. NW <br> Washington, D.C. 20007 <br><br> DEFENDANTS. | Case No.: |

## COMPLAINT

Plaintiffs, Jose Orellana, Santos Orellana and Adali Valeriano Vasquez ("Plaintiffs"), by and through undersigned counsel, hereby submit this Complaint against Defendants NBSB, Inc. d/b/a George's King of Falafel and Cheesesteak ("George's King") and Souheil Ben Mansour ("Mansour" collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the D.C. Minimum

Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of Washington D.C. By participating as named plaintiffs in this action, Plaintiffs consent to prosecute their claims against Defendants under the FLSA.

2. George's King is a corporation formed under the laws of Washington D.C. and does business in the District of Columbia.

3. Mansour owns and operates George's King.

4. Plaintiffs were all employed by defendants to work on the kitchen. Plaintiffs worked in the District of Columbia performing food prep, cooking and cleaning the kitchen.

5. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiffs' employment, Plaintiffs were employees who, while engaged in employment duties, handled, and otherwise worked on goods and materials (namely cooking supplies and other related items) that were moved in or produced for commerce. Thus, Plaintiffs were individual employees who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendants were Plaintiffs' "employers" for purposes of the FLSA and DCMWA.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any

Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

9. Defendants are subject to the DCMWA because Plaintiffs spent more than 50% of their time working in the District of Columbia.

## FACTS

10. Mansour owned and operated George's King throughout Plaintiffs' employment. Throughout Plaintiffs' employment, Mansour:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

   b. Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

   c. Set and controlled Plaintiffs' work schedule or had the power to set and control Plaintiffs' work schedule;

   d. Set and determined or had the power to set and determine Plaintiffs' rate and method of pay; and

   e. Controlled, and was in charge of, George's King's day-to-day operations.

11. Jose Orellana worked for Defendants from roughly July 1, 2015 until September 3, 2016. Defendants paid Jose Orellana between $9.00 and $11.00 per hour, even for the hours he worked over forty.

12. Santos Orellana started working for Defendants on roughly September 20, 2015 and still works for them. Defendants have paid Santos Orellana between $9.00 and $11.00 per hour, even for the hours he worked over forty.

13. Adali Valeriano Vasquez started working for Defendants on roughly August 24, 2015 and still works for them. Defendants have paid Adali Valeriano Vasquez between $9.00 and

$11.00 per hour, even for the hours he worked over forty.

14. Plaintiffs worked more than 40 hours per week virtually every week.

15. Plaintiffs' primary work duties did not qualify for any exemption under the FLSA and DCMWA.

16. Defendants failed to pay Plaintiffs at one-and-one-half times (1.5x) their regular rates for hours worked over forty.

17. Defendants' failure and refusal to pay Plaintiffs the wages they rightfully earned as required by the FLSA and DCMWA, including overtime at one-and-one-half times (1.5x) their regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

18. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

19. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

20. At all times, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

21. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate for all overtime hours Plaintiffs worked.

22. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs

4

to work many overtime hours each week of their employment.

23. As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half (1.5x) their regular rate for all overtime hours they worked.

24. Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

25. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

26. Plaintiffs were Defendants' "employee," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

27. Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

28. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours during Plaintiffs' employment.

29. As set forth above, Defendants failed and refused to pay Plaintiffs time-and-one-half (1.5x) their regular rate for all the overtime hours they worked.

30. Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was

willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiffs*